UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE DANIELS,

    Petitioner,                                               Hon. Wendell A. Miles

v.                                                          Case No. 4:03-CV-57

KURT JONES,

    Respondent.
_____/

**ORDER**

This matter is before the Court on Petitioner's <u>Motion for Order Compelling Production of Documents and Other Evidence</u>. (Dkt. #80). Respondent has not objected to Petitioner's motion. For the reasons discussed below, Petitioner's motion is **granted**.

Petitioner requests that Respondent provide him with certain information that he allegedly needs to support certain claims asserted in his petition for writ of habeas corpus. Specifically, Petitioner requests copies of ten exhibits which were admitted into evidence at his trial. These particular exhibits are identified in Daniels' initial petition for writ of habeas corpus. (Dkt. #1, App. 1, Ex. E).

While habeas petitioners are "not entitled to discovery as a matter of ordinary course," if there exists "good cause" for discovery, the Court has the authority to permit such. *Bracey v. Gramley*, 520 U.S. 899, 904 (1997). Petitioner can establish the existence of good cause by demonstrating that he "may, if the facts are fully developed, be able to demonstrate that he is. . .entitled to relief." *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). However, "when expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." *Samatar v. Clarridge*, 225

Fed. Appx. 366, 375 (6th Cir., May 18, 2007) (quoting *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005)).

Petitioner seeks discovery of certain items of evidence which were introduced into evidence at his trial. Thus, Petitioner is not seeking to expand the record with "new" evidence as occurs in the case of an evidentiary hearing. Rather, Petitioner is requesting access to certain portions of the evidence used to secure his conviction. This material is already part of the record. Petitioner asserts that the information requested is relevant to his claims that he is actually innocent and was convicted on the basis of insufficient evidence, as well as his claims that he was convicted in violation of his Fourth Amendment right to be free from unreasonable search and seizure. The Court finds that Petitioner has established good cause for the requested discovery. The Court again notes that Respondent has not objected to Petitioner's request. For the reasons articulated herein, therefore, Petitioner's motion is granted. Respondent shall provide Petitioner with copies of the requested information no later than April 11, 2008.

**IT IS SO ORDERED.**

Date: March 13, 2008          /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge