UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE DANIELS,

Petitioner,

v.

KURT JONES,

Respondent.

Case No. 4:03-cv-57

Hon. Wendell A. Miles

_______________________________/

OPINION AND ORDER

Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254. Presently before the court are Petitioner's Motion to Supplement Petitioner's Response to Submission of Second Supplemental Rule 5 Material (docket #105); Motion for Complete and Full Disclosure of Respondent's Rule 5 Exhibits (docket #107); Motion for Order of Immediate Consideration of Docket #107 (docket #109); and Motion for Discovery and for Appointed Counsel (docket #110).

Motion to Supplement

In his Motion to Supplement, Petitioner claims that he has obtained new evidence concerning the alleged denial of his right to confront adverse witnesses. He claims that the State's expert witness, Meghan Clement, testified about laboratory tests and analysis that were performed by people other than herself. (See Trial Tr., Vol. 5, 51-170). This is not new evidence. Ms. Clement testified at trial and her testimony is part of the record. Petitioner had the opportunity at trial to cross examine Ms. Clement and elicit that others had performed the tests. Moreover, Petitioner was not precluded from calling as his witnesses the individuals who

actually performed the laboratory tests. Accordingly, the Motion to Supplement is denied.

Motion for Complete Disclosure and Motion for Immediate

Prior to Petitioner's arrest and before he was taken into custody, the police conducted a search of his residence. The police discovered and seized a pair of blood-stained western boots, which Petitioner acknowledged belonged to him. The State introduced the boots at the preliminary hearing. Testimony at trial revealed that the blood on the boots was from a female, and that the probability of randomly selecting an individual, other than the victim, with a DNA profile consistent with the stain was approximately one in sixteen million. In his habeas petition, Petitioner claimed that the boots introduced at trial were not the boots seized from his home, and contended that if the inside of the boots had been tested, the DNA results would establish they were not his boots, and this, he argues, would establish that he is actually innocent. The federal habeas statute does not provide a means for obtaining a retrial in federal court. Bell v. Cone, 535 U.S. 685, 693-94 (2002). Under the federal habeas corpus statute, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The United States Supreme Court has made it clear that a claim of "actual innocence" in a non-capital case, "is not itself a constitutional claim, but rather a gateway through which a habeas petitioner may pass to have his otherwise barred constitutional claims considered on the merits."

Herrera v. Collins, 506 U.S. 399, 404 (1993). Claims of actual innocence based upon newly discovered evidence fail to state a ground for federal habeas relief "absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . . [f]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." Id. at 400. Thus, free standing claims of actual innocence are simply not cognizable on federal habeas corpus review. Cress v. Palmer, 484 F.3d 844, 854 (6th Cir. 2007); Monroe v. Smith, 197 F. Supp. 753, 763 (E.D. Mich. 2001) (finding that failure of state trial court to grant petitioner a new trial based upon newly-discovered evidence is not cognizable on habeas review). Although Petitioner attempts to raise a free-standing actual innocence claim, the court considered the claim as it may have related to his procedurally defaulted claims. In Herrera, the Supreme Court noted that the threshold showing of actual innocence would be extraordinarily high. Herrera, 506 U.S. at 517; and see In re Byrd, 269 F.3d 544, 548 (6th Cir. 2001) ("the evidentiary threshold for a claim of actual innocence is extraordinarily high). To be credible, the new evidence of actual innocence should be such things as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. Schulp v. Delo, 513 U.S. 298, 324 (1995). The actual innocence exception is "rare" and only applies in "extraordinary cases." Id. at 321. In the present case, Petitioner has not explained why he failed to raise this issue on direct appeal. Contrary to Petitioner's assertion, he has not presented new evidence, but rather speculates, without competent support, that further testing of the boots would produce exculpatory evidence. Moreover, Respondent submitted several clear pictures of the boots in question (docket #90), and Petitioner has not identified any element of the boots demonstrating that they were not the

boots taken from his residence, which he had acknowledged belonged to him. Accordingly, the Motion for Full Disclosure is denied. The Motion for Immediate Consideration of Docket #107 is denied as moot.

Motion for Appointed Counsel and Motion for Complete Discovery

Petitioner, who is indigent, requests appointed counsel. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. Johnson v. Avery, 393 U.S. 483 (1969); Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964); Lovado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2254 CASES. Petitioner has pursued this action with diligence, and has generally made cogent arguments in support of his claims, the majority of which are procedurally defaulted. The court considered the complexity of the issues and the procedural posture of the case, and the assistance of counsel did not appear necessary to the proper presentation of Petitioner's position. The Motion for Appointed Counsel is denied.

For the reasons discussed above, Petitioner's Motion for Discovery, in which he asks that Respondent provide him with the boots introduced at trial so that he may obtain DNA testing, is denied.

Conclusion

Petitioner's Motion to Supplement Petitioner's Response to Submission of Second Supplemental Rule 5 Material (docket #105) is DENIED; Petitioner's Motion for Complete and Full Disclosure of Respondent's Rule 5 Exhibits (docket #107) is DENIED; Petitioner's Motion for Order of Immediate Consideration of Docket #107 (docket #109) is DENIED; and

Petitioner's Motion for Discovery and for Appointed Counsel (docket #110) is DENIED.

So ordered this 16th day of December, 2008.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge